**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | |
|---|---|
| **REDDONE, LTD,** | : |
| | : **Case No. 2:20-cv-3787** |
| **Plaintiff,** | : |
| | : **CHIEF JUDGE ALGENON L. MARBLEY** |
| **v.** | : |
| | : **Magistrate Judge Jolson** |
| **GULFPORT ENERGY CORP.,** *et al.*, | : |
| | : |
| **Defendants.** | : |

## OPINION & ORDER

This matter is before the Court on the Parties' Joint Motion to Stay Pending Arbitration. (ECF No. 5). For the reasons articulated below, the Parties' Motion is **GRANTED.**

Plaintiff filed this suit in the Belmont County Common Pleas Court on June 25, 2020 bringing claims against the Gulfport Entities for breach of contract, conversion, and unjust enrichment, and violations of Ohio Rev. Code Chapter 2721. (ECF No. 3). On July 28, 2020, Defendants removed this case to federal court. (ECF No. 1). On July 31, 2020, Defendants filed a Motion to Dismiss or Motion to Stay Pending Arbitration, arguing arbitration was mandatory under Plaintiff's contract. (ECF No. 4). On August 24, 2020, the Parties filed this Joint Motion to Stay Pending Arbitration. (ECF No. 5).

In deciding whether to grant a stay, courts consider factors such as: "(1) the need for a stay; (2) the stage of litigation; (3) whether the non-moving party will be unduly prejudiced or tactically disadvantaged; (4) whether a stay will simplify the issues; and (5) whether burden of litigation will be reduced for both the parties and the court." *Zimmers v. Eaton Corp.*, No. 15-CV-2398, 2016 WL 1322343, at *2 (S.D. Ohio Apr. 5, 2016). This case is in its early stages, the

parties have moved jointly indicating neither will be prejudiced, and a stay will conserve judicial resources while the parties undergo arbitration. Because this Court finds the factors weigh in favor of exercising its judicial authority to grant the Parties' Joint Motion to Stay, it need not reach the question of whether arbitration is compelled by federal law.

For these reasons, this Court **GRANTS** the parties' Joint Motion to Stay Pending Arbitration (ECF No. 5) and **DENIES as moot** Defendants' Motion to Dismiss or Stay Proceedings Pending Mandatory Arbitration (ECF No. 4). The parties are directed to notify the Court upon completion of the arbitration.

**IT IS SO ORDERED.**

**ALGENON L. MARBLEY**
**CHIEF UNITED STATES DISTRICT JUDGE**

**DATED:  September 28, 2020**